

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:05-CR-030-K |
| | § | |
| FRANCISCO FLORES | § | |

## PLEA AGREEMENT

FRANCISCO FLORES (the defendant), Ralph Delagarza, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: The Defendant understands that he has the rights

      a.     to plead not guilty;
      b.     to have a trial by jury;
      c.     to have his guilt proven beyond a reasonable doubt;
      d.     to confront and cross-examine witnesses and to call witnesses in his defense; and
      e.     against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The Defendant waives these rights and pleads guilty to the offenses alleged in Counts One and Two of the Indictment, charging in Count One a violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), that is, Conspiracy to distribute more than 50 grams of methamphetamine, and charging in Count Two a violation of 18 U.S.C. § 1957(a), that is, Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity. The Defendant understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

3. **Sentence:**   The penalties the Court can impose include:

a. imprisonment for a period of not less than Ten (10) years nor more than Life on Count One and not more than ten ~~*~~ years *(10)* on Count Two;
b. a total fine not to exceed the greater of $4,250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);
c. a mandatory term of supervised release of five (5) years on Count One and three (3) years on Count Two, which must follow any term of imprisonment. If the Defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release and the revoked terms of supervised release could be ordered to run consecutively to each other;
d. a mandatory special assessment of $100.00 on each Count;
e. restitution to victims or to the community, which may be mandatory under the law, and which the Defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and
f. costs of incarceration and supervision.
g. denial of certain federal benefits (as defined in 21 U.S.C. §862(d) for a period of five (5) years;
h. Permanent ineligibility for assistance under any state program funded under part A of Title IV of the Social Security Act; and
i. Permanent ineligibility for benefits under the food stamp program or any state program carried out under the Food Stamp Act of 1977.

4. **Court's sentencing discretion and role of the Guidelines:** The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw his plea if his sentence is higher than expected. The defendant fully understands that the actual sentence

imposed, so long as it is within the statutory maximum, is solely in the discretion of the Court.

5. **Mandatory special assessment**:  The Defendant agrees to pay to the U.S. District Clerk the amount of $200.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's Obligations**:  The Defendant agrees to cooperate with the Government by giving truthful and complete information and/or testimony in any proceeding regarding his knowledge of any violation of any law of the United States occurring in the Northern District of Texas and elsewhere.

7. It is expressly understood by the Defendant that the following would constitute a material breach of this agreement by the Defendant:

(a) knowingly give false, misleading, inaccurate or materially incomplete information to the Government at any time during its investigation; or
(b) knowingly give materially false, misleading, or inaccurate testimony in any judicial proceeding, including Grand Jury proceedings, arising out of or associated with the Government's investigation; or
(c) violation of any law (federal, state, or local) by the Defendant following the execution of this Agreement but prior to the Defendant's surrender or being taken into custody to serve any sentence imposed in this case;  or
(d) failing or refusing to cooperate with the Government or her agents in the course of its continuing investigation;  or
(e) failing or refusing to meet with agents of the Government when reasonably requested to do so;  or
(f) violation of any condition of pretrial release imposed by the Court;  or

**Plea Agreement - Page 3**

(g) refusal to testify at any judicial proceedings arising out of or associated with the Government's investigation.

8. Upon demand, the Defendant shall submit a personal financial statement under oath and/or submit to interviews by the United States Attorney's Office regarding Defendant's capacity to satisfy any fines.

9. **Government's Obligations**: The government will not bring any additional charges against the defendant based upon the conduct set out in the Factual Resume. The government will advise the Court, through the United States Probation Office of the nature and extent of the defendant's cooperation. If, in its sole discretion, the government determines that the defendant has provided substantial assistance in the investigation or prosecution of others, it will file a motion for a downward departure from the applicable sentencing guidelines range pursuant to Section 5K1.1 of the guidelines. Whether and to what extent to grant the motion are matters solely within the Court's discretion.

10. Except as otherwise provided herein, the United States Attorney for the Northern District of Texas agrees further not to prosecute the Defendant for any other offense arising out of the conduct described in the factual resume.

11. The United States Attorney for the Northern District of Texas agrees that, except in the event of a breach of this agreement by the Defendant, no evidence derived from the Defendant's cooperation will be used by the United States Attorney for the Northern District of Texas to prosecute the Defendant for any conduct which the Defendant reveals to the Government as having occurred in the Northern District of Texas.

**Plea Agreement - Page 4**

12. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

13. **Violation of agreement**: The Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

14. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

15. **Waiver of right to appeal or otherwise challenge sentence**: The Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The Defendant,

Date Signed: 12 Sept 2005

_____
Ralph Delagarza
Attorney for FRANCISCO FLORES
Date Signed: 9/8/05

_____
Paul Gartner
Deputy Criminal Chief
Assistant United States Attorney
Date Signed: 9-12-05

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____
FRANCISCO FLORES
Date: 9/9/15

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____
Ralph Delagarza
Attorney for Defendant
Date: 9/8/05

**Plea Agreement - Page 7**